# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**NICHOLAS CORTEZ ADDISON**                                                    **PLAINTIFF**

v.                                  No. 3:15-cv-69-DPM

**JIMMY GALOWAY, Prosecuting
Attorney, Poinsett County; BEN
BRISTOW, Defendant's Attorney,
Poinsett County; CLAUDIA MATTEWS,
Circuit Clerk and Recorder, Poinsett
County; MISTY RICHARDSON, Circuit
Clerk and Recorder, Poinsett County;
POINSETT COUNTY, ARKANSAS
CIRCUIT COURT, Criminal Division**                                              **DEFENDANTS**

## ORDER

1. Addison's motion to proceed *in forma pauperis*, № 1, is granted. But he must pay the $350 filing fee. 28 U.S.C. § 1915(b). The Court directs Addison's present custodian, the Sheriff of Poinsett County, to collect an initial partial filing fee of $1.62 from Addison's account and send it to the Clerk. The Court further directs the Poinsett County Sheriff to collect monthly installments in the amount of twenty percent of the preceding month's income credited to Addison's account each time the balance exceeds $10.00 until the total filing fee has been collected and sent to the Clerk. 28 U.S.C. § 1915(b)(2). Payments should be identified by the name and number

assigned to this action. The Court directs the Clerk to send a copy of this Order to the Sheriff of Poinsett County, 1500 Justice Drive, Harrisburg, AR 72432.

2. The Court must screen Addison's complaint. 28 U.S.C. § 1915A. Addison alleges that defendants are violating his constitutional rights in connection with criminal charges that are pending against him in *State of Arkansas v. Nicholas Addison*, Case № CR-2014-392. № 2. The Court must abstain from proceeding with this federal case because the criminal charges pending against Addison are ongoing, the state clearly has an important interest in enforcing its criminal laws, and Addison may raise his constitutional claims during his state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Furthermore, there is no indication of bad faith, harassment, or any other extraordinary circumstances that would make abstention inappropriate. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012).

3. Addison seeks damages and injunctive relief. He is not asking this Court to declare a state statute unconstitutional as a prelude to awarding damages. Dismissal is not appropriate. This federal action should be stayed

until there is a final disposition of the pending state criminal charges. *Yamaha Motor Corp., v. Stroud*, 179 F.3d 598, 603-04 (8th Cir. 1999).

\* \* \*

This case is stayed pending disposition of *State of Arkansas v. Nicholas Addison*, Case № CR-2014-392. Either party may file a motion to reopen this case within sixty days after final disposition of the state court action, including any appeal. If neither party files a timely motion to reopen or seeks any relief by 9 May 2016, the Court will reopen the case and dismiss it without prejudice. The Court directs the Clerk to administratively terminate this case for now.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

27 April 2015